UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ************************************&ast;<br>WILSON MALDONADO AND        \*<br>MILAGROS MALDONADO,          \*<br>                                \*<br>          Plaintiffs,     \*<br>v.                                \*<br>                                \*<br>AMS SERVICING LLC, EQUIFIRST   \*<br>CORPORATION, MORTGAGE           \*<br>ELECTRONIC REGISTRATION         \*<br>SYSTEMS AS NOMINEE                \*<br>                                \*<br>          Defendants,    \*<br>                                \*<br>************************************ | Civil Action No. |

**NOTICE OF REMOVAL OF MATTER TO**
**THE UNITED STATES DISTRICT COURT**

NOW COMES the Defendants AMS Servicing LLC ("AMS"), and Mortgage Electronic Registration Systems Inc., as Nominee for Equifirst Corporation ("MERS"), incorrectly named in the caption, by and through their attorneys Doonan, Graves & Longoria LLC, and pursuant to Chapter 28, Section 1441 (a) and (b) of the United States Code, hereby removes the action pending in the Worcester County Superior Court as Civil Action No. WOCV2011-00100 to the United States District Court, District of Massachusetts.

**GROUNDS FOR REMOVAL**

1. This action is removable from the Worcester County Superior Court to this Federal District Court since it is a civil action and diversity exists under Chapter 28 U.S.C. Section 1332.

2. The Plaintiffs in this action, Wilson Maldonado and Milagros Maldonado, upon information and belief, are residents of Worcester, MA.

3. The Defendants, AMS Servicing LLC, upon information and belief is a corporation organized under the laws of New York with a principal place of business in Depew, NY, and Mortgage Electronic Registration Systems, Inc. upon information and belief is a corporation organized under the laws of Reston, Virginia.

4. The amount in controversy meets the jurisdictional threshold as the unpaid balance of the mortgage, which is the subject matter of this action and is scheduled for foreclosure April 28, 2011 at 10:00 AM is in excess of three hundred seventy seven thousand seven hundred forty four and 45/100 dollars ($377,744.45) as of January 7, 2011.

5. No prior removal of this action has been attempted.

6. The removal of this action is timely under the provisions of 28 U.S.C. § 1446(b) as it is being filed within thirty days of the Defendants' receipt of the initial pleading.

7. The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n.*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also* *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 181, 56 S. Ct. 780, 781 (1936).

8. Removal is proper in this case, because the value of the subject mortgage, the foreclosure of which the Plaintiffs are seeking to enjoin, is three hundred seventy thousand and 00/100 dollars ($370,000.00) and there is complete diversity between the parties. 28 U.S.C. §1332.

9. Copies of all pleadings received by the Defendants in this proceeding are attached hereto.

## BACKGROUND

10. The Plaintiffs filed the instant Complaint and Motion for a Temporary Restraining Order in the Worcester County Superior Court on or about February 3, 2011, and said instant Complaint and Motion for a Temporary Restraining order was reissued February 10, 2011 civil action number WOCV-2011-00100 to "stay indefinitely" the foreclosure of the subject property which was scheduled to take place on February 25, 2011 at 12:00 PM and postponed to April 28, 2011 at 10:00 AM.

11. The Removal is timely whereas the records of the CT Corporation indicates that the first defendant was served on February 8, 2011.

12. This Notice of Removal was filed electronically on February 28, 2011.

13. The undersigned attempted to contact the Plaintiffs concerning his filing on February 24, 2011.

WHEREFORE the Defendants hereby request that this Court accept jurisdiction over this matter.

Respectfully Submitted,

AMS Servicing LLC, and
Mortgage Electronic Registration Systems, Inc.

3

By its attorneys,

Dated: February 28, 2011
/s/Reneau J. Longoria_____
Reneau J. Longoria, Esq. (BBO #635118)
John A. Doonan, Esq. (BBO #547838
Stephen M. Valente, Esq. (BBO #663118)
Erin P. Severini, Esq. (BBO #654644)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com

### CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., certify that a true copy of the Notice of Removal was served upon the Plaintiffs in this action by electronic notification and/or mailing a true copy of the same, first class mail, postage prepaid, on February 28, 2011 to:

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq.

Gregory M. Sullivan Esq.
126 Essex Street
Malden, MA  02148
gsullivanlaw@aol.com