## COMMONWEALTH OF MASSACHUSETTS

Worcester,ss.

**Superior Court
Department of the
Trial Court
Civil Action**

Wilson Maldonado and
and Milagros Maldonado

Plaintiff (s)

v.

AMS Servicing LLC,Equifirst Corporation·,
Mortgage Electronic Registration Systems as Nominee
Defendant (s)

)
)
)
)
)
)
)
)
)

No. 2011 – 100 A

### SUMMONS AND RESTRAINING ORDER

To the above-named Defendant:

    AMS Servicing LLC

  You are hereby summoned and required to serve upon..Gregory..Sullivan,..Esq............................
.................................................................................................................., plaintiff's attorney, whose address
is....12..Essex..Street,Malden,..MA......02148..................................................................................................
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT, DEPARTMENT OF THE TRIAL COURT at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

  Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

  WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Worcester in the "A" Courtroom 20 session without jury or our said court on Thursday the 10 th day of February A.D. 2011 , at 2:00 PM o'clock A.M., at which you may appear and show cause why such application should not be granted.

  In the meantime, until such hearing, WE COMMAND YOU, said ....AMS..Servicing,..LLC......................
...........................................................................................................................................................................
and your agents, attorneys and counsellors, and each and every one of them, to desist and refrain from Restraining and enjoining the Defendants,their attorneys,agents,employees or any other person or entity acting under their direction or control either directly or indirectly from foreclosing upon the premises owned by the Plaintiffs located at 11 Burncoat Terrace,Worcester, MA, 02124, until further order of the court,

    Barbara J. Rouse
  Witness, S█████████████, Esquire, At Worcester the third
day of February in the year of our Lord two thousand and eleven.

A true copy Attest:

Deputy Sheriff Suffolk County Assistant Clerk

Hour of Issuance......3:15....PM.................

NOTES:
1. This summons is issued pursuant to Rules 4 and 65 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ................................................................., 20 ,

I served a copy of the within summons and restraining orders, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

................................................................................................................................

................................................................................................................................

................................................................................................................................

Dated: ........................, 20 ................................................................

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| , 20 |
| --- |

COMMONWEALTH OF MASSACHUSETTS

Superior Court
Civil Action
No.

..................................Plaintiff

Worcester, ss.

v.

..................................Defendant

**SUMMONS**

(MASS. R. Civ. P. 4)

**AND**

**ORDER OF NOTICE**

**WITH**

**TEMPORARY RESTRAINING ORDER**

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET # WOCV2011-0010(

Courtroom CtRm 20 - 4th fl (225 Main St.,Worceste

RE:   **Maldonado et al v AMS Servicing LLC et al**
TO:

> Gregory M Sullivan, Esquire
> 126 Essex Street
> Malden, MA 02148

## SCHEDULING ORDER FOR  F  TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standir Order 1-88. The order requires that the various stages of litigation described below must be completed n later than the deadlines indicated, and case shall be resolved and judgment shall issue **11/09/2012**.

| STAGES OF LITIGATION | DEADLINES | | |
| --- | --- | --- | --- |
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | 04/19/2011 | 04/19/2011 | |
| Response to the complaint filed (also see MRCP 12) | | 05/19/2011 | |
| All motions under MRCP 12, 19, and 20 | 05/19/2011 | 06/18/2011 | 07/18/2011 |
| All motions under MRCP 15 | 05/19/2011 | 06/18/2011 | 07/18/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 11/15/2011 | | |
| All motions under MRCP 56 | 12/15/2011 | 01/14/2012 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/13/2012 |
| Case shall be resolved and judgment shall issue by **11/09/2012** | | | **11/09/2012** |

- The final pre-trial deadline is not the scheduled date of the conference.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 01/20/2011

Dennis P. McManus, Es
Clerk of the Cou

Telephone: 508-831-2357 (session Clerk) or 508-831-2348



COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 CIVIL ACTION NO.: 11-0100A



---

Wilson Maldonado & Milagros Maldonado
Plaintiffs

vs.

AMS Servicing LLC,
Equifirst Corporation,
Mortgage Electronic Registration Systems as
Nominee
Defendant

---

## ATTESTED COMPLAINT

1. The Plaintiffs, Wilson Maldonado & Milagros Maldonado (hereinafter "Plaintiffs") are individuals with a usual place of residence at 11 Burncoat Terrace, Worcester, MA 02124, Commonwealth of Massachusetts.

2. The Defendant, AMS Servicing LLC, Equifirst Corporation and Mortgage Electronic Registration Systems Inc., as Nominee for Equifirst (hereinafter "The Defendant"), from information and belief, is a national banking institution duly organized and authorized to do business in the Commonwealth of Massachusetts, with a usual place of business at 3374 Walden Ave, Depew, NY 14043.

3. The Defendant has subjected itself to the long-arm jurisdiction of this Court by having undertaken business and/or transactional business in the Commonwealth of Massachusetts. The Defendant has and continues to utilize the Courts of the Commonwealth of Massachusetts for its purposes and has thereby submitted itself to the long-arm jurisdiction of the Courts of the Commonwealth of Massachusetts.

4. The Plaintiffs are the owners of a certain property known as and numbered 11 Burncoat Terrace, Worcester, MA 02124 (hereinafter the "property" or the "premises").

5. On or about 12-11-2006, the Plaintiffs entered into a loan arrangement with the Defendant whereby the lender or its predecessor in interest did loan certain monies to the Plaintiffs relative to the premises in question.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                              SUPERIOR COURT DEPARTMENT
                                           CIVIL ACTION NO.:

Wilson Maldonado & Milagros Maldonado
Plaintiffs


vs.


AMS Servicing LLC,
Equifirst Corporation,
Mortgage Electronic Registration Systems as
Nominee
Defendant

## ATTESTED COMPLAINT

1.   The Plaintiffs, Wilson Maldonado & Milagros Maldonado (hereinafter "Plaintiffs") are individuals with a usual place of residence at 11 Burncoat Terrace, Worcester, MA 02124, Commonwealth of Massachusetts.

2.   The Defendant, AMS Servicing LLC, Equifirst Corporation and Mortgage Electronic Registration Systems Inc., as Nominee for Equifirst (hereinafter "The Defendant"), from information and belief, is a national banking institution duly organized and authorized to do business in the Commonwealth of Massachusetts, with a usual place of business at 3374 Walden Ave, Depew, NY 14043.

3.   The Defendant has subjected itself to the long-arm jurisdiction of this Court by having undertaken business and/or transactional business in the Commonwealth of Massachusetts. The Defendant has and continues to utilize the Courts of the Commonwealth of Massachusetts for its purposes and has thereby submitted itself to the long-arm jurisdiction of the Courts of the Commonwealth of Massachusetts.

4.   The Plaintiffs are the owners of a certain property known as and numbered 11 Burncoat Terrace, Worcester, MA 02124 (hereinafter the "property" or the "premises").

5.   On or about 12-11-2006, the Plaintiffs entered into a loan arrangement with the Defendant whereby the lender or its predecessor in interest did loan certain monies to the Plaintiffs relative to the premises in question.

6.    At the time of the initial loan a first mortgage was entered into in the principal amount of $296,000.00.

7.    Due to the predatory nature of the loan in question and due to the change in the Plaintiffs' circumstances the loan has now become in default and the Defendant has initiated foreclosure proceedings.

8.    The Plaintiffs, by way of this Complaint, seek to obtain from the Court restraint of the pending foreclosure due to: (a) the loan in question being predatory and a "high cost mortgage loan"; (b) the Defendant's failure to act in good faith and in a commercially reasonable manner relative to this loan and (c) the Defendant's violations of Chapter 93A of the Massachusetts General Laws ("93A").

9.    The Plaintiffs were induced into obtaining the loan in question which such loan is predatory as defined by Massachusetts General Laws, Chapter 183C ("183C" which is the Predatory Home Loan Practices Act).

10.   Pursuant to Chapter 183C and the Regulations of the Attorney General enacted pursuant thereto, a violation of 183C also constitutes a violation of Chapter 93A of the Massachusetts General Laws (Chapter 183C, Section 18(a)).

11.   The loan in question contains violations of 183C and 93A and contains violations of various Federal Laws and credit Statues.

12.   The Plaintiffs, through their predecessor counsel, made written demand upon the Defendant pursuant to Chapter 183C, 93A, Federal Law and the Regulations of the Attorney General related and enacted pursuant thereto. A true and accurate copy of the letter dated 05-18-2010 is attached hereto and incorporated herein by reference as Exhibit "A".

13.   In this demand, the Plaintiffs' counsel requested Defendant agree voluntarily to stay the foreclosure and that Defendant act in good faith and in a commercially reasonable manner to attempt to modify the mortgage so that the property would not be foreclosed upon thereby benefiting the borrower, the lender, lender's investors and the general public.

14.   The Defendant has failed and/or refused to respond to the demand letter and has failed and/or refused to agree to forebear from undertaking the foreclosure.

15.   In October, 2010, an in-house modification was offered verbally with predecessor counsel but contained a reprehensible $10,000 upfront fee which client could not afford in violation of state and federal regulations forbidding such fee requirements by servicers;

16.   Due to the sheer volume of troubled loans that the Defendant services, most of which were caused by its own questionable lending practices, this loan has not been properly examined for a modification. By its own admissions, the Defendant takes at least 90 to 120 days to examine a loan for a modification from the time it is requested. Unfortunately, it simultaneously pushes forward with the foreclosure. Often times, as with this loan, the foreclosure date arrives before the loan modification approval has been reached. Thus far, only a forbearance agreement has been extended

17.   Alternatively, if The Defendant has securitized this loan, then it is no longer the holder in due course. Accordingly, lacks the standing to foreclose on this property. A valid

2

assignment should be recorded, identifying the true party in interest. As Nominee for Equifirst Corporation, MERS lacks standing to foreclose.

18. The Plaintiff, by way of this Complaint, seeks to obtain from the Court restraint of the pending foreclosure due to: (a) the Defendant's failure to act in good faith and in a commercially reasonable manner relative to the modification of this loan; (b) the uncertainty as to whether the Defendant is the holder in due course with the requisite empowerment to foreclose on the subject property; and (c) the uncertainty as to the actual amounts owed the Defendant (or the rightful holder in due course) due to the lack of accounting currently before the court.

19. The Defendant has failed to properly communicate with the client per Supplemental Directive 10-01. Per this newly enacted Congressional directive, Defendant is compelled to acknowledge receipt of materials remitted to Defendant as well as issue a trial modification or denial letter within an allotted 30 days in lieu of defendant requesting additional financial materials.

20. The Treasury Department's HAMP guidelines provide as follows in applicable part(emphasis added): If the borrower (or the borrower's authorized representative) requests the specific[calculation] values orally or in writing within 30 calendar days from the date of the notice, the servicer must provide them to the borrower within 10 calendar days of the request. If the mortgage loan is scheduled for foreclosure sale when the borrower requests the [calculation] values, the servicer may not complete the foreclosure sale until 30 calendar days after the servicer delivers the[calculation] values to the borrower. This will allow the borrower time to make a request to correct any values that may have been inaccurate.

21. Upon receipt of written evidence from the borrower indicating that one or more of the [calculation] values is inaccurate, the servicer must verify the evidence and, if accurate, must re-run the [calculation] if the correction is material and is likely to change the [calculation] outcome. Values that are not affected by the correction do not need to be changed from the first [calculation]. If the borrower identifies inaccuracies in the [calculation] values, the servicer must suspend the foreclosure sale until the inaccuracies are reconciled.

22. Defendant has breached Supplemental Congressional Directive 10-01 by failing evaluate borrower prior to the foreclosure sale while being on notice and in receipt of a demand letter pursuant MGL chapter 93A.

> Servicers must pre-screen all first lien mortgage loans where two or more payments are due and unpaid to determine if they meet the basic criteria for consideration under HAMP (one-to-four unit residential property, occupied by the borrower as his or her principal residence, not vacant or condemned, originated on or before January 1, 2009, unpaid principal balance does not exceed $729,750 and not previously modified under HAMP). Servicers must proactively solicit for HAMP any borrower whose loan passes this pre-screen, unless the servicer has documented that the investor is not willing to participate in HAMP pursuant to the "Investor Solicitation" section of this Supplemental Directive.

3

23.   Defendant failed to meet the "reasonable effort standard as described in Supplemental
        Directive 10-02:

> Solicitation must include written communication clearly describing HAMP. Use
> of the form of solicitation letter available on www.HMPadmin.com shall satisfy
> this requirement. The servicer's HAMP solicitation may also identify other
> options potentially available to help the borrower cure the delinquency and retain
> homeownership. A servicer is deemed to have made a "Reasonable Effort" to
> solicit a borrower if over a period of at least 30 calendar days: (1) the servicer
> makes a minimum of four telephone calls to the last known phone numbers of
> record, at different times of the day; and (2) the servicer sends two written
> notices to the last address of record by sending one letter via certified/express
> mail or via overnight delivery service (such as Federal Express or UPS) with
> return receipt/delivery confirmation and one letter via regular mail. Any contact
> with eligible borrowers, whether by telephone, mail or otherwise, must (1) advise
> borrowers that they may be eligible for HAMP; (2) clearly describe the Initial
> Package required to be submitted by the borrower pursuant to Supplemental
> Directive 10-01 and state what other information the servicer needs to complete
> the HAMP analysis; (3) provide a toll-free telephone number through which the
> borrower can reach a service representative; and (4) identify any unique
> requirements the servicer may have established for submission of an Initial
> Package received later than 30 business days prior to a scheduled foreclosure sale
> date. All contact attempts must be documented in the servicing file. If the
> servicer has documentation evidencing that it satisfied the Reasonable Effort
> standard for HAMP prior to the effective date of this Supplemental Directive, re-
> solicitation of the borrower is not required.

24.   Defendant failed to meet the "reasonable effort standard   as described in Supplemental
        Directive 10-02:

> Solicitation must include written communication clearly describing HAMP. Use
> of the form of solicitation letter available on www.HMPadmin.com shall satisfy
> this requirement. The servicer's HAMP solicitation may also identify other
> options potentially available to help the borrower cure the delinquency and retain
> homeownership. A servicer is deemed to have made a "Reasonable Effort" to
> solicit a borrower if over a period of at least 30 calendar days: (1) the servicer
> makes a minimum of four telephone calls to the last known phone numbers of
> record, at different times of the day; and (2) the servicer sends two written
> notices to the last address of record by sending one letter via certified/express
> mail or via overnight delivery service (such as Federal Express or UPS) with
> return receipt/delivery confirmation and one letter via regular mail. Any contact
> with eligible borrowers, whether by telephone, mail or otherwise, must (1) advise
> borrowers that they may be eligible for HAMP; (2) clearly describe the Initial
> Package required to be submitted by the borrower pursuant to Supplemental
> Directive 10-01 and state what other information the servicer needs to complete
> the HAMP analysis; (3) provide a toll-free telephone number through which the
> borrower can reach a service representative; and (4) identify any unique
> requirements the servicer may have established for submission of an Initial
> Package received later than 30 business days prior to a scheduled foreclosure sale
> date. All contact attempts must be documented in the servicing file. If the
> servicer has documentation evidencing that it satisfied the Reasonable Effort

standard for HAMP prior to the effective date of this Supplemental Directive, re-solicitation of the borrower is not required.

25.  Per Supplemental Directive 10-01, a borrower who has expressed interest in applying for the government program must be afforded no less than 30 days after receiving an initial package before moving forward with a foreclosure sale, referenced within the guidelines as **"Prohibition on Referral and Sale"**

26.  Plaintiffs' counsel, in accordance with United States Treasury's Guidelines, returned all requested items prior to the 7th day at midnight, as required per supplemental directive 10-02, under the heading Deadline of Suspension of Foreclosure Sales. By sending in the requested information 7 days prior to the foreclosure sale, the Defendant therefore violated the rights of the Plaintiffs' and the Defendant has not refuted this fact, but now refuses to abide by the Directive by failing to cancel the sale scheduled for 01-21-11.

WHEREFORE, the Plaintiff demands as follows:

1.  That this Honorable Court issue a Temporary Restraining Order/Preliminary Injunction restraining and enjoining the Defendant, their attorneys, their agents, their employees or any other person or entity acting under their direction or control either directly or indirectly from foreclosing upon the premises owned by the Plaintiff located at 11 Burncoat Terrace, Worcester, MA 02124, until further order of this Court.

2.  That this Court issue such further and additional relief as is appropriate and just.

3.  That this Honorable Court make a declaration of the rights and liabilities of the parties pursuant to MGL Ch. 231A.

Respectfully submitted,

Plaintiffs, Wilson Maldonado & Milagros Maldonado,

By their Attorney,

Gregory M. Sullivan, Esquire
126 Essex St
Malden, MA 02148
781-322-0090
BBO# 485970

Dated: _____, 2011

I, Wilson Maldonado, being duly sworn depose and state that I have read a copy of this Attested Complaint, and have read the facts and statements contained in this Attested Complaint and hereby attest that the facts and statements contained in this Attested Complaint are true to the best of my knowledge and belief this ____ of _____, 2011.


_____

Wilson Maldonado

I, Milagros Maldonado, being duly sworn depose and state that I have read a copy of this Attested Complaint, and have read the facts and statements contained in this Attested Complaint and hereby attest that the facts and statements contained in this Attested Complaint are true to the best of my knowledge and belief this ____ of _____, 2011.


_____

Milagros Maldonado

## SERVICE LIST

AMS Servicing LLC
3374 Walden Ave
Depew, NY 14043

# ZAK LAW OFFICES PC

### 200 HIGHLAND AVENUE
### NEEDHAM, MA 02494

---

TEL: (781) 898-9959
FAX: (443) 817-4581

| | | |
|---|---|---|
| MATTHEW FORBES, ESQ. | DAVID ZAK, ESQ. | DOUGLAS REDA, ESQ. |
| OF COUNSEL | PRINCIPAL | OF COUNSEL |
| ADMITTED IN MA & RI | ADMITTED IN MA | ADMITTED IN NY |

**May 18, 2010**

**AMS Servicing LLC**
**3374 Walden Avenue**
**Depew, NY 14043**

RE:     **Milagros Garcia Maldonado,**
          **11 Burncoat Terr, Worcester, MA  01605**

          **Loan Number: 0005000375**

Dear Sir/Madam:

          Please be advised this firm has been retained by **Milagros Garcia Maldonado** hereinafter ("borrowers") relative to the above referenced loans. This letter is being made as a demand that you agree to a modification of the current loans and further to notify you that the loans are in violation of both Federal and State laws, including but not limited to, Massachusetts General Laws Chapter 93 A and the Regulations of the Attorney General enacted pursuant thereto.

          As you may be aware, a demand for relief pursuant to Massachusetts General Laws Chapter 93 A and the Regulations of the Attorney General enacted pursuant thereto require you to respond in writing with a reasonable offer of settlement on or within thirty (30) days of your receipt of this demand letter. A failure to properly respond and/or a violation of 93A can subject you to not only an award of attorney fees against you, but also for an award from a Court of competent jurisdiction, for up to three times the amount of actual damages sustained.

          The loans that were entered into with you have been analyzed.   Pursuant to the analysis that has been performed, it has been determined that there are a number of State and Federal violations. You should note that any violation of law relative to these loans will also constitute a violation of Massachusetts General Laws Chapter 93 A. The violations of law that we have found in our analysis related to the loans are:

(1) The first mortgage loan is in violation of Massachusetts of General Laws Chapter 183C, Section 2 as the loan has a ceiling rate that exceeds the permissible limit.  The ceiling rate on this adjustable mortgage is **14.7%**. The principle maximum rate for this loan is **11.72%**. This is calculated by adding 8 percentage points to the yield on U.S. Treasury Securities having a comparable period maturity to the loan as of 15 days prior to the loan application for extension of

---

# ZAK LAW OFFICES PC

### 200 HIGHLAND AVENUE
### NEEDHAM, MA 02494

_____

TEL: (781) 898-9959
FAX: (443) 817-4581

MATTHEW FORBES, ESQ.                 DAVID ZAK, ESQ.                  DOUGLAS REDA, ESQ.
OF COUNSEL                              PRINCIPAL                      OF COUNSEL
ADMITTED IN MA & RI            ADMITTED IN MA              ADMITTED IN NY

credit. Because the ceiling rate of **14.7%** exceeds the permissible threshold, a violation of Massachusetts General Laws Chapter 183C, Section 2 has occurred.

(2)       The first mortgage loan in question is in violation of Massachusetts General Laws Chapter 183C, Section 3. Pursuant to this statute, the borrower is required to receive counseling on the advisability of the loan transaction prior to the transaction being undertaken. Counseling is to be provided by a counselor approved by the Division of Banks for the Commonwealth of Massachusetts and by the office for Housing and Urban Development (HUD). A high cost home mortgage loan originated by a lender in violation of this section is not enforceable as a matter of law. At or before closing a high cost home mortgage loan, the lender is required to obtain evidence that the borrower has completed an approved counseling program. In this instance, the borrower did not complete an approved lending program or receive counseling on the advisability of entering into this transaction. Accordingly, not only is the loan in violation of statue but the loan is also of no force or effect.

(3)       The first mortgage loan is in violation of Chapter 183C, Section 4. In the subject loan file, the Lender could not have reasonably believed that the borrower would have been able to repay the loan. The borrower's stated income given on Page 2 of the Uniform Residential Loan Application is not supported by an independent verification of the borrower's tax return, which would indicate that the borrower could not afford the loan at the time of loan application or at adjustment. Under Section 4 and Federal law, the lender was obligated to verify that the borrower's scheduled monthly payments on the loan, including principal, interest, taxes, insurance, and assessments, combined with the scheduled payments for all other debt, did not exceed 50% of the borrowers documented and verified monthly gross income. There is no signed 4506-T disclosure provided in the loan file, indicating that the Lender did not verify the borrower's monthly income. By failing to verify the income to assess the borrower's ability to repay the loan, the lender violated Section 4 and the loan is therefore not enforceable.

(4)       Pursuant to Massachusetts General Laws Chapter 183C, Section 18(a), a violation of Chapter 183C constitutes a violation of Massachusetts General Laws Chapter 93A, Section 2. Because the loan failed Chapter 183C, Section 2, a violation of Chapter 93 A is also apparent.

(5)       The first mortgage is in violation of HOEPA Regulations as found in TILA, Section 226.32 for the reasons stated in paragraph 1.

# ZAK LAW OFFICES PC

200 HIGHLAND AVENUE
NEEDHAM, MA 02494

TEL: (781) 898-9959
FAX: (443) 817-4581

| MATTHEW FORBES, ESQ. | DAVID ZAK, ESQ. | DOUGLAS REDA, ESQ. |
|---|---|---|
| OF COUNSEL | PRINCIPAL | OF COUNSEL |
| ADMITTED IN MA & RI | ADMITTED IN MA | ADMITTED IN NY |

(6)      The first mortgage loan contains a violation of FACTA as found at 15 U.S.C., Section 1681(g) and Section 609(g)(1)(D). The borrowers were not provided by the lender the FACTA disclosures required by these mortgages.

(7)      The first mortgage loan is in violation of RESPA, Section 3500.21(d) in that the bank has transfer or as transferee did not notify the borrower at least fifteen (15) days in advance of the transfer with the Notice of Transfer. This loan originated with **New Century Mortgage Corp.** and the borrower currently makes payment to **AMS Servicing LLC.**

As can be seen by the foregoing, significant and numerous violations of law both Federal and State exist which render these loans to be violative of Massachusetts General Laws Chapter 93A and the Regulations of the Attorney General enacted pursuant thereto. Demand is therefore hereby made in conformity with the statue to require you to make a reasonable settlement offer.

Your attention is further drawn to Massachusetts General Laws Chapter 244 Section 35B (proposed). Pursuant to this statue, a creditor shall not commence foreclosure upon a mortgage loan unless it has first taken reasonable steps and good faith efforts to avoid foreclosure. Section 35B sets forth three considerations to be undertaken in determining whether a creditor has taken reasonable steps and good faith efforts prior to commencing foreclosure. They are: (1) an assessment of the borrower's current circumstances, including without limitation the borrower's current income, debts and obligations; (2) the net present value of receiving payments pursuant to a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (3) the interest of the creditor including without limitation the creditors, investors and tax payers if the creditor has received Federal or State money. In the case of these borrowers, it appears that all three of the components of Section 35B mitigate in favor of modification of these mortgages.

The current mortgage has a loan amount of **$296,000.00** and carries an interest rate of **7.95%** generating a payment of **$2,706.52** per month. The borrower, however, can not afford these payments as the borrower's income has diminished substantially. Evidence of the borrower's decreased personal income can be verified by an examination of the borrower's 2007 and 2008 tax returns as well as the borrower's 2009 payment receipts and/or profit & loss statements. In addition, the borrower can neither refinance nor sell the property as the total mortgages exceed **$296,000.00** with a current value of the property at less than **$251,324.** The only appropriate option and/or remedy would be the restructuring of this loan.

Attached hereto you will find a Lender Benefit Analysis that has been performed relative to the property. As the Lender Benefit Analysis indicates it would be in the lender's and its investor's best interest

# ZAK LAW OFFICES PC

200 HIGHLAND AVENUE
NEEDHAM, MA 02494

TEL: (781) 898-9959
FAX: (443) 817-4581

| MATTHEW FORBES, ESQ. | DAVID ZAK, ESQ. | DOUGLAS REDA, ESQ. |
|---|---|---|
| OF COUNSEL | PRINCIPAL | OF COUNSEL |
| ADMITTED IN MA & RI | ADMITTED IN MA | ADMITTED IN NY |

to restructure the loan by writing down the loan to a principle amount of **$226,191.60**, reducing the interest rate to 2% and extending the payment term to 480 months. By doing so, a payment that is viable and achievable for the borrowers will be utilized.

If this does not occur the property will go into foreclosure and a forced sale which would likely result in the property becoming owned by the lender. In so doing, the lender would suffer a loss of approximately **32.89%** of the amount previously loaned. By utilizing our proposed modification, the lender would ultimately not only recoup the amounts lent, but also retain a profit of **$300,977.78**.

As the foregoing clearly indicates, all three of the factors set forth in section 35B mitigate in favor of modification of this loan. In light of such conclusion and in light of the violations of law that exist, it is our request that you respond in writing in conformity with Chapter 93 A with a reasonable settlement offer on or within thirty (30) days of the date of this letter. Please note that all communications regarding these debts relative to this borrower should be handled through this office from this point onward.

As can be seen by all of the forgoing, the restructuring of the debt in this instance would require the first mortgage be reduced by approximately **$25,808**. We are asking of you, as the lender, to consider this proposal and to contact us regarding possible modification. Please note our request for modification should not be construed to be a waiver of any of the violations of law cited above.

The underlying note contains terms and/or conditions that are predatory and toxic, making the note and corresponding mortgage unconscionable, presumptively unfair and/or doomed for foreclosure, and thereby violative, on its face, of MGL 93A.

Thank you for your anticipated cooperation.

Very truly yours,

David Zak, Esq.

cc:   **Milagros Garcia Maldonado**