**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| WILSON MALDONADO and ) <br> MILAGROS GARCIA MALDONADO, ) <br>     Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> AMS SERVICING LLC, EQUIFIRST ) <br> CORPORATION, MORTGAGE ELECTRONIC ) <br> REGISTRATION SYSTEMS AS NOMINEE ) <br>     Defendants, ) <br>  ) <br> and ) <br>  ) <br> MILAGROS GARCIA MALDONADO, ) <br>     Plaintiff and Defendant-in-Counterclaim, ) <br>  ) <br> v. ) <br>  ) <br> AMS SERVICING LLC, ) <br>     Defendant and Plaintiff-in-Counterclaim. ) | **CIVIL ACTION NO.** <br> **11-40044-TSH** |

**MEMORANDUM OF DECISION AND ORDER**
**ON DEFENDANT/PLAINTIFF IN COUNTERCLAIM'S**
<u>**MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIMS**</u>
**August 30, 2012**

**Hillman, D.J.[1]**

This case arises from a lender's allegedly improper refusal to modify a home loan following the borrower's default. Plaintiff-in Counterclaim, AMS Servicing LLC ("AMS"), is a servicer for the lender on a note executed by Defendant-in-Counterclaim, Milagros Garcia

---

[1] This case was originally assigned to Judge Saylor. On June 7, 2012, I was sworn in as the United States District Court Judge for the District of Massachusetts (Worcester Division). On June 13, 2012, this matter was reassigned to me for all purposes.

1

Maldonado ("Mrs. Maldonado").[2] Mrs. Maldonado filed two complaints in Massachusetts Superior Court alleging violations of state and federal consumer protection laws.[3] Both actions were removed to this court and eventually consolidated under Civil Action No. 11-40044. On December 14, 2011, AMS filed its Verified Answer, Counterclaims and Affirmative Defenses against Mrs. Maldonado (Docket No. 22) asserting two counterclaims: Count I for breach of contract and, Count II for possession. On February 21, 2012, Mrs. Maldonado answer Count I, but ignored Count II (Docket No. 27).[4]

AMS now moves for summary judgment on both counterclaims (Docket No. 29). AMS submitted a detailed statement of facts and legal argument recited below showing why it is entitled to summary judgment on its two counterclaims; while Mrs. Maldonado has filed no opposition. Summary judgment is therefore warranted for AMS. Mass. R. Civ. P. 56(c); *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir. 1997) (the nonmoving party must oppose a motion for summary judgment by presenting facts that show a genuine trial-worthy issue remains).

---

[2] A foreclosure sale was held on December 9, 2011. The subject premises were acquired by Fort 2011-1 REO LLC for whom AMS services its debts.

[3] The unusual procedural history of this case is worth noting. Mr. & Mrs. Maldonado filed a state court complaint on January 19, 2011, which was later removed to this Court and docketed as No. 11-cv-40044. All claims as to AMS were dismissed on August 12, 2011, and as to all parties on January 24, 2012. In the interim, Mrs. Maldonado filed a second complaint against AMS in the state court on November 11, 2011, which was later removed to this Court and docketed as No. 11-cv-40219. It does not appear that the state court was informed of the Maldonados' first action. On December 8, 2011, the two cases were consolidated as case No. 11-cv-40044. After the January 24, 2012 dismissal of the claims in the first complaint, only the claims and counterclaims in the second complaint between Mrs. Maldonado and AMS remained.

[4] The docket reflects Mrs. Maldonado's attorney, David Zak, twice filed the Reply to Counterclaim (Docket Nos. 27 and 28) on February 21, 2012. Both documents appear to be identical, so the Court assumes that Attorney Zak filed Document No. 28 in error.

**Undisputed Facts**[5]

On July 1, 1996, Wilson R. Madonado (Mr. Maldonado) and Milagros Garcia-Maldonado (Mrs. Maldonado) were granted property at 11 Burncoat Terrace, Worcester, MA. On December 11, 2006, Mrs. Maldonado executed a note to EquiFirst Corporation ("EquiFirst") in the amount of $296,000.00. On December 11, 2006, Mr. & Mrs. Maldonado executed a mortgage to Mortgage Electronic Registraion Systems, Inc. ("MERS") as nominee for Equifirst, and recorded on December 15, 2006 in the Worcester County Registry of Deeds (the "Registry"). The mortgage terms allow the lender to enforce the statutory power of sale, but also to seek other remedies permitted under the loan documents and applicable law. On September 16, 2008, Mrs. Maldonado defaulted on her loan obligation. An Assignment of Mortgage from MERS, as nominee for Equifirst, to TCIF, LLC, was recorded on February 13, 2009. TCIF, LLC assigned the mortgage to DB50 2007-1 Trust through an assignment of mortgage recorded on April 9, 2010. On January 20, 2011, a day before DB50 2007-1's agent (AMS) had scheduled foreclosure sale of the property, the Maldonados filed a Complaint in the Massachusetts Superior Court against AMS and EquiFirst (Maldonado I) and obtained a Temporary Restraining Order enjoining the foreclosure sale.[6] That complaint was removed to this court on February 28, 2011 (Docket No. 1), and the Temporary Restraining Order was lifted on August 12, 2011.

On August 30, 2011, AMS sent a *Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency after Foreclosure of Mortgage* to Mrs. Maldonado at least twenty-one (21) days before the next scheduled foreclosure sale. The sale was postponed and rescheduled several times, all of which was communicated to Mrs. Maldonado through continued sale letters. In

---

[5] The facts are taken from the Statement of Undisputed Material Facts in Support of AMS's Motion for Summary Judgment on AMS's Counterclaims (Docket No. 31) or from affidavits also filed in support of the motion. Mrs. Maldonado neither opposed the motion nor submitted a response to AMS's facts.

[6] DB50 2007-1 Trust executed and recorded a Limited Power of Attorney authorizing AMS to institute and pursue collection proceedings on behalf of the Trust.

November 2011 on the eve of the foreclosure sale, Mrs. Maldonado filed a second complaint with the Worcester Superior Court (Maldonado II) and obtained, *ex parte*, a preliminary injunction preventing AMS from conducting its pending sale. It appears Mrs. Maldonado did not advise the state court of the existence of Maldonado I. AMS (the sole defendant in Maldonado II) removed Maldonado II to this court on December 7, 2011 and the next day this court granted the motion to consolidate Maldonado I and II, as well as the motion to vacate the state court preliminary injunction (*See* docket entries for 11-cv-40219-TSH). The foreclosure sale happened on December 9, 2011, and the property was purchased by DB50 2007-1 and vested into Fort 2011-1 REO LLC for $220,000.00.[7] At that time, Mrs. Maldonado owed $403,578.65 to pay-off her loan, exclusive of attorney fees and costs. Title ownership of the property transferred to Fort 2011-1 REO LLC on February 17, 2012 with the recording of the foreclosure deed and affidavit of sale. Thereafter the Mr. & Mrs. Maldonado were served with a fourteen (14) day Notice to Quit, but to date, they have not vacated the premises.

Procedurally, in the interim, AMS answered the Maldonado II complaint and asserted counterclaims and affirmative defenses (Docket No. 22). The parties filed various motions, memoranda and opposition papers, culminating in a January 24, 2012 Order (Docket No. 26) the effect of which dismissed the Maldonados' claims in Maldonado I, and gave Mrs. Maldonado twenty-one (21) days to answer the counterclaim and/or to file an amended complaint (the court noted the claims in the Maldonado II complaint seemed meritless in light of statute of limitations issues and claim preclusion).[8] Mrs. Maldonado answered counterclaim count I (breach of the

---

[7] Pursuant to a Limited Power of Attorney, Fort 2011-1 REO LLC gave AMS authority to act on its behalf, and to enforce its rights related to real estate of Fort 2011-1 REO LLC.

[8] Judge Saylor noted specific deficiencies with the three counts of the Maldonado II complaint and offered the plaintiff the "opportunity to amend [her] second complaint to state any viable claims not precluded by the dismissal of their first complaint." *Order*, p.17 (Docket No. 26). The Court further noted her claims were not likely to succeed. *Id*.

promissory note), but she failed to answer counterclaim count II (for possession) or to amend her complaint.[9] AMS now asks for summary judgment on its counterclaims that Mrs. Maldonado breached the note and must surrender possession of the premises.

## Discussion

The two counterclaims are for deficiency (I) and possession (II); the latter argument will be addressed first.

### Count II – Possession

To prevail on its counterclaim for possession, AMS has "the burden of showing that there are no material facts in dispute regarding its legal title to the property." and *Sheehan Constr. Co. v. Dudley,* 299 Mass. 51, 53–54 (1937). Massachusetts is a non-judicial foreclosure state, meaning that a mortgagee is not required to obtain judicial authorization before foreclosing on a property, *U.S. Bank Nat'l Assoc. v. Ibanez*, 458 Mass. 637, 645-46 (2011); but, to obtain an order for possession, the plaintiff must make a *prima facie* showing that it obtained a deed to the property at issue, and that the deed and affidavit of sale showing compliance with statutory foreclosure requirements, were recorded. *See Metropolitan Credit Union v. Matthes,* 46 Mass.App.Ct. 326, 330 (1999), citing Mass. R. Civ. P. 56(c). See also, Mass. Gen. Laws ch. 244, § 15.

AMS, as servicer for the current record owner of the premises, has established its principal's superior right to possession by demonstrating through the assignment of mortgage and foreclosure deed and affidavit of sale, that DB 50 2007-1 Trust held the mortgage at the time of the notice of sale and conducted the foreclosure pursuant to Mass. Gen. L. ch. 244, § 14. *Rosa*

---

[9] The court has given Mrs. Maldonado an ultimatum to show cause why her claims in Maldonado II have merit, or they will be dismissed (Docket No. 42); AMS has not moved for dismissal.

*v. Mortgage Elec. Sys., Inc.*, 821 F.Supp. 2d 423 (D. Mass. 2011) (granting dismissal of action against mortgagee where mortgagee had valid assignment and conducted sale through statutory power of sale); *Ibanez*, 458 Mass. at 648.  Accordingly, summary judgment on counterclaim II for possession by AMS is warranted.  Having established AMS is entitled to possession, the court now examines whether AMS is entitled to a deficiency judgment from the sale.

### Count I - Deficiency Judgment

Massachusetts General Laws ch. 244, § 17B states that no action for a deficiency shall be brought unless a "Notice of Intention to Foreclose and of Deficiency After Foreclosure of Mortgage," is sent to the borrower at least twenty-one (21) days before the date of the sale is scheduled.  Mass. Gen. Laws ch. 244, § 17B.  AMS (the servicer for DB50 2007-1 which owned the note and the mortgage to the premises before the sale), sent such a notice to Mrs. Maldonado on August 30, 2011.  The mortgage terms allow a lender to enforce the statutory power of sale, but also to seek other remedies permitted under the loan documents and applicable law.  As assignee of the mortgage at the time of the notice, and pursuant to the mortgage and note, DB50 2007-1 Trust had the authority to exercise the power of sale and to pursue any deficiency owed.[10]  The total debt at the time of the foreclosure sale on December 9, 2011, was $403,578.65, and it has grown due to unpaid costs and attorney fees.  Mrs. Maldonado has not met her burden of establishing a triable issue of fact to sustain a defense to the deficiency counterclaim; thus, summary judgment shall enter on counterclaim one.

---

[10] Pursuant to the Limited Power of Attorney, AMS as attorney in fact for DB 50 2007-1, was authorized to act at the lender and mortgagee with respect to this loan, collection of this loan, and this lawsuit

## **Conclusion**

For the foregoing reasons, Defendant AMS Servicing's Motion for Summary Judgment on Counterclaims (Docket No. 29) is **granted**.

>                                    */s/ Timothy S. Hillman*_____
>                                    TIMOTHY S. HILLMAN
>                                    U.S. DISTRICT COURT JUDGE